# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-234-MOC
## (3:13-cr-293-MOC-1)

JERONZA THORNE,      )
            )
     **Petitioner,**    )
            )
**vs.**           )    **ORDER**
            )
**UNITED STATES OF AMERICA,** )
            )
     **Respondent.**   )
_____ )

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and his Motion to Amend, (Doc. No. 7).

A jury found Petitioner guilty in the underlying criminal case of: Count (1), Hobbs Act

conspiracy; Count (2), conspiracy to possess with intent to distribute cocaine; Count (3),

possession of a firearm in furtherance of a drug trafficking crime (Count 2) and crime of violence

(Count 1); Count (4), conspiracy to use or carry a firearm in furtherance of a crime of violence

(Count 1) and a drug trafficking offense (Count 2);  and Count (5), possession of a firearm by a

felon. (3:13-cv-293, Doc. No. 151). In a Judgment docketed on February 8, 2016, the Court

sentenced Petitioner at the bottom of the applicable Sentencing Guidelines range to a total of 137

months' imprisonment (77 months for Counts (1), (2), (4), and (5), concurrent, and 60 months for

Count (3), consecutive), followed by a total of five years of supervised release. (Id., Doc. No. 182).

The Fourth Circuit affirmed, United States v. Thorne, 661 Fed. Appx. 791 (4th Cir. 2016), and the

United States Supreme Court denied certiorari on March 27, 2017, Thorne v. United States, 137

S.Ct. 1386 (2017).

1

Petitioner timely filed the original § 2255 Motion to Vacate on April 25, 2017 arguing that trial counsel was ineffective for failing to (renumbered): (1) move to dismiss the warrant, complaint and indictment because there was no nexus with interstate commerce with regards to the Hobbs Act conspiracy charge; (2) move to dismiss the indictment on speedy trial grounds; (3) challenge Counts (3), (4), and (5) because there were three Defendants and only two firearms; (4) file a motion to determine Petitioner's competency or pursue and insanity defense; (5) call witnesses at trial or impeach cooperating co-defendant McCorey; (6) challenge the jury instructions that lacked the elements of conspiracy and failing to raise the issue on appellate review; (7) challenge the indictment or verdict for lack of allegations or prove that Petitioner knew in advance of the § 924(c) crime and that he aided and abetted it; (8) object that the record did not reflect that counsel read and discussed the revised PSR and addendum prior to sentencing; and (9) argue that the Court was authorized to go below the mandatory minimum sentence for the § 924(c) count. Petitioner also argues that appellate counsel was ineffective for failing to raise each of these claims on direct appeal. (Doc. No. 1 at 17). The Government filed a Response opposing Petitioner's claims. (Doc. No. 4).

In the Motion to Amend filed on November 7, 2018, (Doc. No. 7), Petitioner seeks to supplement his § 2255 Motion to Vacate with claims that the § 924(c) conviction in Count (3) is duplicitious because it charges two predicate offenses in the same count, and that Hobbs Act conspiracy cannot support his § 924(c) conviction because is not a crime of violence.

On the present record, it appears that Petitioner's Motion to Amend is subject to dismissal as untimely because it was filed more than one year after the conviction and sentence became final.

See 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). The Court will afford Petitioner the opportunity to explain why his Motion to Amend is timely. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall file a Response within **14 days** from entry of this Order which explains why the Motion to Amend is timely. Failure to comply with this Order will probably result in dismissal of the claims that Petitioner raises in the Motion to Amend with prejudice as time-barred.

Signed: March 20, 2019

Max O. Cogburn Jr.
United States District Judge

3